BOWEN, Judge.
The appellant was convicted of murder in the first degree. This court, in an opinion written by the Honorable Leigh M. Clark, Supernumerary Circuit Judge, held that the trial court erred when it refused to allow the appellant to explain why she told investigating officers that she had not killed the victim. Accordingly the judgment of conviction was reversed and remanded. Langston v. State, Ala.Cr.App., 348 So.2d 273, cert. denied, Ex parte State ex rel. Attorney General, Ala., 348 So.2d 277 (1977).
On retrial the appellant was found guilty of murder in the second degree and sentenced to thirty years’ imprisonment. On appeal from this conviction the only question raised concerns the propriety of the admission into evidence of the knife which was the murder weapon. The appellant alleges that the weapon was illegally seized and that no consent was given for any search.
This question was decided adverse to the appellant in the opinion reversing her original conviction.
“By whatever name the manucapture of the towels and the knife may be called, there was nothing unconstitutional or otherwise illegal about it.” 348 So.2d 275.
The record in this case adequately supports this finding.
Therefore, having searched the record for error and having found none, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.